UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

JVL DENTAL CREATIONS CALLE 8, LLC,
d/b/a Sunset Smile Creations

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, ("Plaintiff") by and through his undersigned counsel, hereby sues Defendant, JVL Dental Creations Calle 8, LLC, d/b/a Sunset Smile Creations, ("Defendant") for injunctive relief pursuant to 42 U.S.C. §12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant, JVL Dental Creations Calle 8, LLC, d/b/a Sunset Smile Creations, is authorized and doing business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

6. Defendant, JVL Dental Creations Calle 8, LLC, is a Florida Limited Liability Company, authorized to do business, within the state of Florida, and which upon information and belief is the owner and operator of Sunset Smile Creations, a dental office located at 7000 SW 8th Street, Miami, FL 33144, which is the subject to this action, and referenced hereto as "JVL Dental Creations Calle 8" or "Operator".

## FACTS

7. Defendant, JVL Dental Creations Calle 8, LLC, is the owner and operator of the Sunset Smile Creations, a dental office, located at 7000 SW 8th Street, Miami, FL 33144, which is open to the general public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104., and therefore a place of public accommodation. Defendant, JVL Dental Creations Calle 8, LLC, which is the subject to this action is also referred hereto as "Sunset Smile Creations" or "Subject Property".

**Gonzalez v. JVL Dental Creations**
**Complaint for Injunctive Relive**

8. As the owner/operator of a dental office, which is open to the public, Defendant, "JVL Dental Creations Calle 8" is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a professional office of a health care provider, hospital, or other service establishment; a dental office; 42 U.S.C. §12182, §12181(7)(F) and 28 C.F.R. §36.104(5) & (6).

9. On June 2, 2024, Plaintiff personally visited the "Sunset Smile Creations", to test for compliance with the ADA/ADAAG, but since he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

10. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant, "JVL Dental Creations Calle 8", the owner and operator of "Sunset Smile Creations".

11. As the owner and operator of "Sunset Smile Creations", Defendant, "JVL Dental Creations Calle 8", is aware of the ADA and the need to provide for equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. As a result of the several discriminations by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize the "Sunset Smile Creations" operated by "JVL Dental Creations Calle 8" but continues to be injured in that he continues to be discriminated against due to the barriers to access the Subject Property which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited "Sunset Smile Creations" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

19. Defendant, "JVL Dental Creations Calle 8", has discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodation and services offered at "Sunset Smile Creations".

21. Defendant, "JVL Dental Creations Calle 8", is governed by the ADA and must comply therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28

C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23. Defendant, "JVL Dental Creations Calle 8", is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* and Defendant, "JVL Dental Creations Calle 8", as the owner/operator of a public accommodation, which is open to the public, is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route**

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as the designated accessible parking space is located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

24. Plaintiff believes that an inspection of the subject premises will reveal other violations of the ADA and ADAAA. Pursuant to 42 U.S.C. §12101*et seq.*, and 28 C.F.R. §36.304, the Defendant is required to make "Sunset Smile Creations", and commercial space, located at 7000 SW 8th Street, Miami, FL 33144, accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

25. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and

"Sunset Smile Creations" therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, JVL Dental Creations Calle 8, LLC, d/b/a Sunset Smile Creations, and requests the following injunctive and declaratory relief:

a. The Court declare that Defendant has violated the ADA;

b. The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c. The Court enter an Order requiring Defendant to alter the commercial property used as the "Sunset Smile Creations" located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d. The Court award reasonable costs and attorneys' fees; and

e. The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted on July 2, 2024.

By: */s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*